MULL, APPELLEE, *v.* DOLLISON, REGISTRAR, APPELLANT.

(No. F-79-5—Decided September 21, 1979.)

*Mr. Daniel P. McQuade,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. James M. Toomey,* for appellant.

POTTER, P. J. Plaintiff-appellee, Charles L. Mull, was involved in a motor vehicle accident in Michigan in 1966. Mull was sued, and a consent judgment was entered against him by

the Circuit Court of Wayne County, Michigan, in 1969, in case No. 123463. The judgment was paid out of the Motor Vehicle Accident Claims Fund, pursuant to Michigan law (see M.C.L. 257.1101 *et seq.*). Nine years later the state of Michigan sent a certified copy of the judgment entry to the Ohio Department of Highway Safety. The parties did not deal with this lapse of time at the trial or appellate level. Thus, we do not consider the time factor in reaching our decision. Defendant-appellant, Dean L. Dollison, the Ohio Registrar of Motor Vehicles, suspended Mull's driving privileges pursuant to R. C. Chapter 4509 because the Michigan judgment had not been satisfied.

Mull appealed the license suspension to the Court of Common Pleas of Fulton County. The trial court reversed the decision of the registrar and restored Mull's driving privileges. The registrar then perfected this appeal.

The registrar's sole assignment of error in this court is as follows:

"The Court of Common Pleas erred in finding that O.R.C. Chapter 4509 does not authorize enforcement of a foreign state's judgment."

We find this assignment of error well taken.

R. C. 4509.37 provides, in part, as follows:

"The registrar of motor vehicles upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered, except as provided in sections 4509.01 to 4509.78 of the Revised Code."

R. C. 4509.02 states, in part, as follows:

"As used in sections 4509.31 to 4509.67, inclusive, of the Revised Code:

"(A) 'Judgment' means any judgment which has become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance, or use of any motor vehicle for damages, including damages for care and loss of services because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages."

The language of the statutes set forth above indicates that the registrar may receive certified copies of judgments from any "* * * court of competent jurisdiction of any state or of the United States* * *" (R. C. 4509.02[A] ), not just Ohio courts. R. C. 4509.37 requires the registrar to suspend a license to operate a motor vehicle, issued under the laws of Ohio, upon receipt of such a judgment. While R. C. 4509.35 refers to judgments rendered in Ohio, this provision does not prevent another state from sending certified copies of judgments rendered in its courts to the Ohio Registrar of Motor Vehicles. Compare R. C. 4509.291. R. C. 4509.35 does not require that the Ohio Registrar of Motor Vehicles refuse to enforce certified copies of judgments rendered in foreign courts.

Upon consideration thereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Court of Common Pleas of Fulton County is hereby reversed. Coming now to enter the judgment that should have been entered by the Court of Common Pleas of Fulton County, the order of the Registrar of Motor Vehicles —which suspends appellee's driving and registration privileges until the appellee submits evidence of having satisfied or having agreed to pay the judgment rendered in case No. 123463 by the Circuit Court of Wayne County, Michigan, and until appellee submits evidence of financial responsibility—is hereby reinstated, subject to R. C. 4509.40.

*Judgment reversed.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.